# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

BILLY GENE MARSHALL,                )
                                    )
         Plaintiff,              )
                                    )
v.                                  )   No. CIV 14-404-RAW-SPS
                                    )
W. RANKINS, et al.,                 )
                                    )
         Defendants.             )

## OPINION AND ORDER

On October 27, 2014, the court entered an order denying plaintiff's motion for leave to proceed *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. (Dkt. 4). Plaintiff was directed to pay the entire filing fee, based on his having "accumulated at least five prior civil rights actions that count as 'strikes,' pursuant to 28 U.S.C. § 1915(g)." (Dkt. 4 at 1). On November 17, 2014, this action was dismissed without prejudice for his failure to comply with the order. (Dkt. 5). Plaintiff appealed to the Tenth Circuit Court of Appeals, which dismissed the appeal for plaintiff's failure to prosecute. *Marshall v. Rankins*, No. 14-7101 (10th Cir. Jan. 26, 2015) (Dkt. 18).

Plaintiff has filed a motion to vacate or reconsider the court's order dismissing this action, claiming the court has not shown "why [he] should not be able to proceed with his civil rights complaint *in forma pauperis*," based on the "imminent danger exception" arising from inadequate medical care for his serious conditions of "watery eyes, severe headaches, and change in voice caused by dust particles emitted by cell vent." (Dkt. 7 at 1-2). He also claims the district judge was "showing his bias" in denying *in forma pauperis* status. (Dkt. 7 at 2). Plaintiff further argues that none of the "strikes" listed in the order denying leave to proceed *in forma pauperis* should have been counted against him under 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that

> it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The five strikes at issue are as follow:

(1) Plaintiff alleges the dismissal order in *Marshall v. Franklin*, No. CIV-03-291-RAW-SPS (E.D. Okla. July 16, 2004), should not have been considered, because he was not in DOC custody when the dismissal was entered in the case. He contends he received no notice of the dismissal and was not provided the opportunity to appeal. He also alleges the three-strike provision does not apply to claims still subject to appeal.

It is plaintiff's responsibility to advise the court of his current address, as required by Local Civil Rule 5.5(a), so his claim that he did not receive the dismissal in this case is meritless. Furthermore, the Supreme Court recently held that "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit in forma pauperis while his appeal of one such dismissal is pending." *Coleman v. Tollefson*, 135 S.Ct. 1759, 1765 (2015). Therefore, even if this case were subject to appeal, it still would count as a strike.

(2) Plaintiff also contests the inclusion of *Marshall v. Little*, No. CIV-06-588-TCK-SAJ (N.D. Okla. Oct. 31, 2006), as a strike. Citing *Arvie v. Lastrapes*, 106 F.3d 1230, 1231, (5th Cir. 1997), he asserts he was not in DOC custody when this case was filed in the Northern District of Oklahoma, so it was not a strike. A review of the record, however, shows that plaintiff's complaint in this action clearly stated he was incarcerated in the David L. Moss Criminal Justice Center in Tulsa, Oklahoma. Therefore, he was a "prisoner" as defined by 28 U.S.C. § 1915(h).

(3) Plaintiff argues that *Marshall v. Bear*, No. CIV-11-575-HE (W.D. Okla. Sept. 27, 2012), should not have been considered a strike, because it was dismissed without prejudice for his failure to exhaust administrative remedies. Because the Tenth Circuit Court of Appeals dismissed plaintiff's appeal as frivolous and assessed a strike in Case No. 12-6272, slip op. at 2-3 (10th Cir. June 5, 2013), the appellate strike was correctly included.

(4-5) Plaintiff claims the two strikes in *Marshall v. Lombardi*, No. CIV-13-484-SPF-PJC (N.D. Okla. Sept. 16, 2013), *aff'd*, No. 13-5126 (10th Cir. Mar. 24, 2014), should not have been counted, because the case was not frivolous. The case was dismissed for failure to state a claim, and a strike was assessed by the district court. The Tenth Circuit Court of Appeals dismissed the appeal as frivolous and assessed a second strike. Plaintiff's unsubstantiated claim that he has an appeal pending before the Supreme Court is irrelevant, based on *Coleman v. Tollefson*, as discussed above.

As for the imminent danger exception of § 1915(g), the court previously examined this claim and determined it was not applicable. Finally, plaintiff has not pointed to any act or speech by the district judge indicating bias, prejudice, or the appearance of impropriety. *See Mitchell v. Maynard*, 80 F.3d 1433, 1450 (10th Cir. 1996). The court's failure to grant plaintiff's motion for leave to proceed *in forma pauperis* does not constitute bias.

**ACCORDINGLY,** plaintiff's motion to vacate or reconsider (Dkt. 7) is DENIED.

**IT IS SO ORDERED** this 9th day of September 2015.

**Dated this 9th day of September, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma